IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DEBORAH L. STEPHENS,           )
                               )
                Plaintiff,     )
                               )
                               )  Case No. CIV-20-064-RAW-KEW
                               )
COMMISSIONER OF THE SOCIAL     )
SECURITY ADMINISTRATION,       )
                               )
                Defendant.     )

## REPORT AND RECOMMENDATION

Plaintiff Deborah L. Stephens (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of

such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial

---

[1]   Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 66 years old at the time of the ALJ's most recent decision. She has a high school education (she obtained a GED) and past relevant work as a fast food cook. Claimant alleges an inability to work beginning on September 1, 2008, due to limitations resulting from physical and mental impairments.

### Procedural History

In September of 2009, Claimant filed for a period of disability and disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and for supplemental security income benefits pursuant to Title XVI (42

U.S.C. § 1381, *et seq.*) of the Social Security Act. Her applications were denied initially and upon reconsideration. Claimant's applications have been the subject of three remands by the Eastern District of Oklahoma. The most recent remand occurred in Case No. CIV-18-234-RAW-KEW, on April 10, 2019, after Defendant filed an Unopposed Motion for Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). The Appeals Council vacated the decision and remanded the claims for further administrative proceedings on April 30, 2019, specifically directing the ALJ to further consider the opinion of Claimant's chiropractor, Brandon S. Mills, D.C., consider all of Claimant's impairments, including non-severe impairments, and consider whether Claimant could perform her past relevant work. (Tr. 903-05).

On October 28, 2019, ALJ Michael Mannes conducted a hearing in McAlester, Oklahoma, at which Claimant testified. On November 20, 2019, the ALJ entered an unfavorable decision. Claimant did not pursue a request for review by the Appeals Council and it did not assume jurisdiction. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual

functional capacity ("RFC") to perform medium work with additional limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error by failing (1) to discuss the uncontroverted and/or the significantly probative evidence that conflicted with his findings, and (2) to properly evaluate the opinion of Claimant's chiropractor, Dr. Mills.

## Discussion of Probative Evidence

In his decision, the ALJ found Claimant suffered from severe impairments of degenerative disc disease, essential hypertension, seizures, depression, and anxiety. (Tr. 830). He determined Claimant could perform medium work with additional limitations. Claimant could occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. She could frequently balance, occasionally stoop, kneel, crouch, or crawl, occasionally reach overhead with the left upper extremity, and should avoid frequent exposure to unprotected heights. Claimant was able to understand, remember, and carry out simple instructions and interact frequently with supervisors and co-workers. She could interact occasionally with the general public in performance of work-related tasks and could respond appropriately to changes in a routine work setting when gradually introduced. Claimant's time off task could be accommodated by normal work breaks. (Tr. 832).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of linen room attendant, laundry worker, and hospital cleaner, all of which the ALJ found existed in sufficient numbers in the national economy. As a result, the ALJ concluded Claimant was not under a disability from September 1, 2008, through the date of the decision. (Tr. 836).

Claimant argues the ALJ selectively discussed the evidence and failed to explain how he resolved ambiguities and inconsistencies in the evidence when assessing Claimant's RFC. "[I]n addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (citation omitted). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004), citing *Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984). However, an ALJ is not required to discuss all of the evidence in the record. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001). Moreover, "[w]hen the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." *Howard v. Barnhart*, 379 F.3d 945, 947 (10th Cir. 2004).

6

Regarding her mental limitations, Claimant asserts that although the ALJ included limitations in the RFC for her mental impairments, he failed to discuss evidence that could have resulted in greater limitations in her ability to interact with others and adapt to a work situation. Claimant cites to evidence she contends supports a more restrictive mental RFC, including findings from Chris Unterseher, M.D., in November of 2009 that her mood was depressed and anxious, her description at an emergency room visit in November of 2013 that her symptoms were severe and incapacitating with anxious and depressed mood, instances of observable anxiety and flat affect, reports of depression with crying and ongoing anxiety in 2018, flat mood and affect in April of 2019, and depression and/or anxiety in her mood and affect in May and June of 2019.

The ALJ summarized the evidence of Claimant's mental health treatment in the decision. He noted her diagnosis of anxiety and her many reports of anxiety to health care providers from 2013 through 2019. (Tr. 833-34). The ALJ also discussed Dr. Unterseher's examination of Claimant. (Tr. 235-38, 834). Although the ALJ did not discuss all of the mental findings, other than arguing that the ALJ should have included greater limitations in the RFC regarding Claimant's ability to interact with others and adapt to a work situation, Claimant has not explained how this additional evidence contradicts the ALJ's RFC assessment. *See Madrid v.*

*Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007) (the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work). The RFC includes limitations based upon Claimant's depression and anxiety, including limiting Claimant to understanding, remembering, and carrying out simple instructions, interacting with supervisors and co-workers frequently, occasionally interacting with the general public to perform work-related tasks, and responding appropriately to changes in a routine work setting that are gradually introduced. (Tr. 834).

Regarding her physical limitations, Claimant asserts the ALJ failed to mention her "history of back problems," her displaying a stooped posture in November of 2009, her antalgic gait, limited thoracolumbar mobility, positive straight leg raise test, lumbar muscle tightness in February and March 2010, thoracic degenerative changes in December of 2013, right scapular muscle spasms in November of 2015, left arm bone fractures in September of 2010, and upper extremity tremors and/or shaking in September of 2013 and July of 2014.

The ALJ discussed Claimant's history of back problems. (Tr. 198-204, 833). He also discussed the physical examination of Claimant by Geo-Phillips Chacko, M.D., from November of 2009, wherein Claimant exhibited some tenderness in the lumbar region, but her range of motion was normal. The cervical and thoracic

8

spines were non-tender with full ranges of motion. (Tr. 229-34, 834). The ALJ noted Dr. Mills' findings that Claimant had positive straight leg raise testing, lumbar muscle tightness, an antalgic gait. (Tr. 286-90, 834). He further mentioned Claimant's mild pain in the scapular area but with normal movement of her back. (Tr. 808, 833). Again, although the ALJ did not mention every finding regarding Claimant's physical impairments, he discussed the evidence and included physical limitations in the RFC assessment based on Claimant's degenerative disc disease and hypertension. The ALJ limited Claimant to medium work with occasional climbing of ramps or stairs, never climbing ladders, ropes, or scaffolds, frequent balancing, occasional stooping, kneeling, crouching, or crawling, and occasional reaching overhead with the left upper extremity. (Tr. 834). This Court finds no error as Claimant has not pointed to evidence that further limits her functional abilities beyond that already included by the ALJ in the RFC.

Claimant further argues that when relying on Claimant's activities of daily living, the ALJ failed to discuss evidence that Claimant received help when caring for her grandson and performing housecleaning tasks, and she only spent a short amount of time cooking, doing dishes, and shopping, and drove only for short distances. It took Claimant all day to do laundry. However, Claimant has not connected her clarifications of her daily activities to any functional limitations not included in the RFC.

9

Moreover, she has not specifically challenged the ALJ's evaluation of her subjective complaints and/or symptoms. The ALJ's decision demonstrates that he discussed the probative evidence in the record.

### Consideration of Medical Opinion Evidence

Claimant contends that the ALJ erred in his evaluation of Dr. Mills' opinion. She concedes that for purposes of her claim, Social Security Ruling 06-3p, 2006 WL 2329939 (Aug. 6, 2006) controls when considering a non-acceptable medical source, including a chiropractor. However, Claimant argues that even considering Dr. Mills' opinion under Soc. Sec. Rul. 06-03p, the ALJ failed to explain how he assigned "partial weight" to Dr. Mills' opinion and then determined Claimant could perform medium work.

As a chiropractor, Dr. Mills is not considered an "acceptable medical source," but is an "other source." *See* Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *2. When considering "other source" evidence, the ALJ should still explain the weight given to the opinion, but such an explanation "is sufficient if it permits us to 'follow the adjudicator's reasoning.'" *Keyes-Zachary*, 695 F.3d 1156, 1163-64 (10th Cir. 2012), quoting Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *6 ("T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer

to follow the adjudicator's reasoning . . .").

The ALJ discussed Dr. Mills' examination of Claimant on March 31, 2010, noting Claimant had positive straight leg raise test, lumbar muscle tightness, and tenderness with an antalgic gait with numbness in her left leg. (Tr. 287-90, 834). He also discussed Dr. Mills' letter, wherein Dr. Mills stated that "[p]atient has been diagnosed with Sciatica Neuritis/Neuralgia causing increased pain when she walks or stands for prolonged periods." (Tr. 286, 835). The ALJ assigned Dr. Mills' assessment "partial weight," noting his assessment was "inconsistent with findings across the longitudinal record including multiple findings of [Claimant] demonstrating a normal gait, no evidence of muscle atrophy, and her activities of daily life." However, the ALJ also found that Dr. Mills' assessment "that [Claimant] would have some difficulty with standing for long times is somewhat consistent with his findings." (Tr. 835).

The ALJ's analysis does not allow for the Court to follow his reasoning. The ALJ determined Claimant could perform the standing and walking requirements of medium work, *i.e.*, standing and/or walking for six out of eight hours per workday, yet assigned "partial weight" to Dr. Mills' opinion and found Claimant's difficulty with standing was "somewhat consistent" with Dr. Mills' findings. On remand, the ALJ should re-evaluate Dr. Mills' opinion and explain the weight he is giving it. Because the ALJ's re-

11

evaluation of Dr. Mills' opinion may result in further limitations in the RFC, the ALJ should reassess his findings at steps four and five of the sequential process if necessary.[2]

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

---

[2]    Claimant seeks an immediate award of benefits based on the passage of time, Defendant's failure to properly adjudicate the claims, and the support in the record for a finding of disability. *See Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987). This Court declines to recommend remand of the case for an award of benefits and instead finds that a remand for further proceedings is appropriate.